Consolidated Rail Corporation, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent. Loyalsock Township et al., Intervenors.

Argued June 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Joel E. Mazor,* for petitioner.

*John J. Gallagher,* Assistant Counsel, with him *John B. Wilson,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

*Lester L. Greevy,* Solicitor, with him *Stephen Dittmann,* Assistant Counsel, *Herbert G. Zahn,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for intervenor.

OPINION BY JUDGE ROGERS, July 28, 1983:

Consolidated Rail Corporation (Conrail) has petitioned for the review of an order of the Pennsylvania Public Utility Commission adopting the decision of

an Administrative Law Judge granting the application of Loyalsock Township, Lycoming County, for approval of the construction of a crossing, at grade, of Conrail's tracks for a bikeway. We affirm the Commission's order.

The bikeway is proposed to be seven miles in length. It would be four feet in width at the crossing of Conrail's tracks and at other places where it is not to be located on existing wider service roads. It is intended for the use of persons riding bicycles, other nonmotorized vehicles and for pedestrians. Vehicles wider than four feet will be banned from the crossing by permanent barriers and motorized vehicles would be prohibited from using the bikeway by law, enforced by township authorities.

At the conclusion of the hearing conducted by the Administrative Law Judge, Conrail moved to dismiss the application for want of jurisdiction of the Commission over the subject matter. The motion was overruled by the jury. The question of the Commission's jurisdiction was certified to the Commission, which, as noted, adopted the judge's ruling.

Conrail's authority for its contention that the Commission has no jurisdiction is Section 2702(a) of the Public Utility Code, 66 Pa. C. S. §2702(a):

> (a) General rule.—No public utility, engaged in the transportation of passengers or property, shall, without prior order of the commission, construct its facilities across the facilities of any other such public utility or across any highway at grade or above or below grade, or at the same or different levels; *and no highway, without like order shall be so constructed across the facilities of any such public utility.* ... (Emphasis supplied.)

Conrail says that because the statute gives the Commission jurisdiction to order the crossing of its tracks by a highway, the Commission lacks jurisdiction to order a crossing by a bikeway. But Section 102 of the Public Utility Code, 66 Pa. C. S. §102, defines highway as "[a] way or place of whatever nature open to the use of the public as a matter of right for purposes of vehicular traffic." It is plain that numbers of bicycles and other nonmotorized means of conveyance in motion constitute vehicular traffic.

Conrail also argues that the proposed bikeway is not "open to the use of the public," as required by the Code's definition of a highway because it is restricted to bicycles, tricycles, and pedestrian traffic. This contention fails because the word public refers to persons not to the means by which persons get about. The unlimited public may use this crossing so long as they pass on foot or in the vehicles for which its use is intended. The Commonwealth's public highways are for the use of the whole people, but the size, weight, length, width, and indeed, the kinds of vehicles which may be used on particular highways are regulated by the Commonwealth for the safety, convenience and pleasure of all.

Conrail also attacks the township's authority to lay out a four foot wide bikeway as a public way, under the Second Class Township Code, Act of May 1, 1933, P.L. 103, 53 P.S. §66103. This question is raised for the first time in this appeal and will not be addressed here.

Order affirmed.

ORDER

AND Now, this 28th day of July, 1983, the order of the Public Utility Commission in the above-captioned matter is hereby affirmed.